In the Matter of CHARLES F. REID et al., Petitioners, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, October 15, 1943.

*A. Mark Levien* for petitioners.

*Ignatius M. Wilkinson, Corporation Counsel (Joseph G. DeVito* of counsel), for respondents.

VALENTE, J.   The judgments obtained by the petitioners represented back salary which was withheld from them by the Board of Higher Education in violation of mandatory State legislation.   At the time the judgments were served upon the Board of Higher Education and also upon the Comptroller and Treasurer of the City of New York, with demands for payment, the City had custody of unexpended and unencumbered funds standing to the credit of the Board of Higher Education which were more than ample to pay the petitioners' judgments. Copies of the judgments with notices of entry and demands for payment were served in April and May, 1943, while as late as July 31, 1943, the unencumbered balances applicable to City College totalled $60,651.59, many times the total of petitioners' judgments.   Even if it be assumed, which is by no means clear. that the unexpended funds were " unappropriated for college purposes by the board ninety days after the expiration of the

calendar year " for which the annual appropriation had been made within the meaning of section 1143 of the Education Law and, therefore, reverted to the City as part of its general funds, the judgments may be paid from the sums appropriated for City College in the current budget, or the City may be compelled to appropriate funds sufficient to pay the judgments in view of the fact that they represent salary arrears due under the mandatory salary provision of the Education Law (see *Matter of College of City of New York* v. *Hylan*, 205 App. Div. 372, affd. 236 N. Y. 594). To uphold the technical contentions made in opposition to the present application would be to permit the respondents to ignore and nullify the mandatory salary provisions enacted by the Legislature as well as the judgments of this court.

The contention that this proceeding has been commenced too late (Civ. Prac. Act, § 1286) is overruled. The demand upon the Board of Higher Education to pay the judgments, made in April, 1943, was ineffectual since all that the Board of Higher Education may do is issue requisitions to the Comptroller for payment of the funds. The City authorities are the custodians of the funds and they may be disbursed only by the Comptroller with the countersignature of the City Treasurer. It follows that the time of the Board of Higher Education to comply with an order directing it to issue the appropriate requisitions did not commence to run until a demand had been made upon it for the issuance of such requisitions. Similarly, the demand upon the City authorities for payment of the judgments was ineffectual until appropriate requisitions upon them had been issued by the Board of Higher Education. The time of the petitioners to institute the present proceeding, therefore, did not commence to run until service of such requisitions upon the City authorities. A contrary holding would mean that petitioners could never collect their judgments.

The motion to compel the Board of Higher Education to execute and deliver the appropriate requisitions for the payment of the judgments to the Comptroller and Treasurer of the City of New York and to compel the Comptroller and Treasurer to honor the requisitions upon their receipt is accordingly granted. Settle order.